# Higgins, Adm'r *v.* Waller, Adm'r, *et als.*

*Bill in Equity to Construe a Will to Ascertain the Rights of Legatees, and for an Account and Distribution of the Estate and Effects of Testatrix.*

1. *Will creating vested interest; subsequent codicil.*—H. having executed her will, thereafter added a codicil, excluding one of her three children from the benefits of certain provisions of the will which related equally to him . and her other two children—*held,* that if the provisions of the will created vested interests in the devisees and legatees, such interests were not made · contingent by the codicil, which had effect only to reduce the *number* of donees, and not the nature of their interests.

2. *Same; vested estate given to minor.*—The estate given to Susan H., the youngest legatee, was a vested estate, although "to be set apart" to her at a future time, it not being necessary to this construction that the income of her portion should be appropriated to her use.

3. *Same; thing postponed; construction.*—The thing postponed by the will under consideration, was not the respective interests of the legatees, but .only the right to a division and to the possession of the shares in severalty.

4. *Same; husband's interest.*—By the fifth item, the husband was vested with an equality of interest with the testatrix's children, and although he was not to receive his portion in severalty until the youngest child should come of age, or marry, yet his right was not contingent, and he was entitled to participate in the income meanwhile, hence he could make a valid devise of his portion to another.

5. *Same; death of youngest child before age or marriage.*—By the death of Susan H., the youngest child, before coming of age or marriage, her interests ·went to her two surviving half brothers; but inasmuch as she if living, could not have demanded possession of her share until she married or became of age, her father, the trustee, would, if he had lived so long, have continued trustee, entitled to receive the income and profits until the surviving child, coming of age, became entitled to his portion. The time of division would then have arrived.

6. *Bill prematurely filed; dismissed without prejudice.*—Inasmuch as the filing of the bill, before the youngest surviving legatee came of age, and before complainant was entitled to demand possession of the property, was prema-·ture, it is dismissed without prejudice to the right of complainant to sue again.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. A. W. DILLARD.

On the 30th of January, 1867, Harriet Hill, the testatrix, ·-executed her last will, in which, after providing for the payment of her debts in the usual way, she says : "*Second,* I ₌give, devise and bequeath all my real and personal estate, of

every kind, to my husband, Eugene D. Hill, *in trust, however*, for all my children now living, or hereafter born; subject, however, to the qualifications and conditions hereinafter mentioned."

"*Third*, my said property shall be managed and controlled by my said husband, and used and employed by him to the best interests of all concerned until as hereinafter provided."

"*Fourth*, my husband shall receive the income, increase and profits arising from my property, and out of the same shall maintain, educate and support my children while they remain infants or unmarried, but he shall not be required to account with any person whatever for such income, increase, rents and profits, it being expected of him that he will prove a kind father to the children, and apply such income, increase, rents and profits to their support, education and maintenance, as to him shall seem best."

"*Fifth*, when any one of my children shall arrive at age, or marry, (my husband being included with my children in the estimate), an equal share of my estate shall be set apart by my said husband for such child, as soon as each child shall arrive at age or marry; leaving one equal share for my husband, to be by him taken and appropriated to his own use when the youngest child now living, or hereafter born, shall arrive at age or marry."

The sixth and last clause nominates her said husband executor.

On the 26th of March, 1868, the said testatrix executed a codicil, by which she ratified and confirmed said will, "save so far . . . . as the same gives to my son, George F. Huckabee, any right, interest or share whatever in my estate, real or personal; as to which particular, I do hereby revoke and alter my said will, and direct that he, the said George F. Huckabee, shall have no share or portion of my estate; and I do hereby revoke all former or other codicils made by me at any time heretofore."

On the 15th of August, 1868, the said testatrix died, leaving alive her husband and three children, each the issue of a different marriage. These children were the said Geo. F. Huckabee, aged about eighteen years; Tunstall Andrews, aged about fourteen years; and Susan Hill, aged about nine years.

On the 28th of September, 1868, the will and codicil were proved in the Probate Court, and letters testamentary were issued to E. D. Hill.

On the 29th of May, 1869, said Susan Hill died, being

about ten years of age. Her only heirs at. law were said Tunstall Andrews and said George Huckabee. She owed no debts, and no administration was ever had on her estate.

On the 15th of April, 1870, Eugene D. Hill, the said husband died. One O. B. Pittman, the guardian of Tunstall Andrews, became the executor.

On the 3d of October, 1870, Robert B. Waller was appointed administrator of the estate of Mrs. Harriet Hill.

On the 18th of July, 1870, said Geo. Huckabee died intestate, owing debts, and leaving no property or estate, other than that claimed in this suit.

On the 7th of August, 1871, the complainant, (appellant), A. W. Higgins, procured letters of administration on the estate of said George Huckabee, deceased.

Mrs. Harriet Hill, at her decease, left a large and valuable plantation, and a considerable estate in personalty. Up to the death of E. D. Hill, none of the estate left by his wife, the said Mrs. Hill, had been sold, or in any way aliened, nor had there been any settlement of his executorship.

On the 11th of September, 1871, the said administrator of George Huckabee filed the bill in this case, alleging that each of the devisees under Mrs. Hill's will, took, by the terms thereof, vested estates in fee—only the right to have the same in possession being postponed—for the benefit of the devisees respectively during minority; that Susan Hill, having died before coming of age, the intervening estate, created for her benefit, ceased, and her heirs became entitled immediately to her share; that Geo. Huckabee was one of the heirs, and his inheritance is needed by the administrator to pay debts, &c.

The administrator, with the will annexed, of Susan Hill, insists that the estate created by Mrs. Hill's will, were contingent upon the happening of the events named in the fifth clause.

The prayer of the bill is, " that it may be ascertained and decreed what interest the said estate of George F. Huckabee, deceased, is entitled to in the estate of said Harriet Hill; and that an account of the personal estate and effects of the said testatrix, and of the rents, income and profits of the realty may be taken, and that the clear residum of said personal estate and effects may be ascertained, and such share thereof as shall appear to belong to the estate of orator's intestate, may be paid to orator, to be by him administered; and that such share of the real estate of the said testatrix to which the estate of said George H. may be entitled, may be distributed to orator for the purposes aforesaid, either through

a sale of the said real estate, or by means of a portion thereof, as may appear best for the interests of all concerned; or that such other and further relief may be granted to your orator in the premises," &c.

A demurrer, containing eight grounds, was interposed to the bill, the court overruling all but the eighth, which is as follows: " Because the prayer for process does not contain the name of all the defendants."

The sustaining of said eighth ground of demurrer, and the decree of the chancellor, are now assigned as error. So much of the decree as is overruled by this court, is quoted in the opinion.

JOHN T. WALKER, for appellant.

WALKER, PITTMAN & WALLER, contra.

No brief came to Reporter.

MANNING, J.—In his construction of Mrs. Hill's will in this cause, the chancellor allowed an undue influence to the codicil excluding her son, George F. Huckabee, from the benefit of provisions which previously related equally to him, and her other children. Except in the particular of reducing the number of the beneficiaries to whom the second, third, fourth and fifth items of the will gave her estate, the codicil does not, in any respect, change their meaning. If they created vested interests in the devisees and legatees, as they stood in the will when it was first signed and attested, those interests were not made contingent by anything subsequently added. The codicil changed the number of the donees under the will from four to three—not the nature of their interests.

Very clearly, according to the authorities, the estate given to Susan Hill was a vested estate, although to be " set apart" to her, at a future time. It was not necessary to this construction, that the income of her portion of the property, in the meantime, should be appropriated to her use. Yet, the testatrix evidently contemplated that she would duly participate in the income of all the land and personalty which was given to the husband of testatrix, as trustee. For, notwithstanding he was invested with authority to manage this property, and to receive the rents, issues and profits, without being accountable therefor to anybody, still, it is expressly declared in the will, that it is " expected of him that he will prove a kind father to the children, and apply such income, increase,

rents and profits in their support, education and maintenance, as to him shall seem best."

The property itself was to be equally divided among them,. when they should attain to years of maturity, only the division and possession of it was to be postponed—not the vesting of their respective interests.—1 Jarman on Wills, ch. 27.

The effect of item fifth was, to qualify the second and other· items of the will, by including the husband of testatrix within its provisions, on equal terms with the children.   Although he was not to receive his portion in severalty, until the youngest of the children should become of age, or marry, his· right to it was not made contingent; and it was evidently the intention of testatrix that he should participate in the benefits· of the income, in the meanwhile.   It followed that his will,. made after the death of Susan, his own child by testatrix, in favor of Tunstall Andrews, her son by a former husband, was operative to convey the whole of that portion to Tunstall.

By the death of Susan Hill, the youngest of the beneficiaries, her right to a third part of the estate passed, according to the laws of descent and distribution, to her two surviving half-brothers, George F. Huckabee and Tunstall Andrews; the former, appellant's intestate.   But Susan, if living, could not have acquired possession of her share during the life-time of her father, Mr. Hill, until she should attain the age of twenty-one years, or marry.   Her father would, in the meantime, be entitled to the control and management of the property, and to receive the rents, issues and profits, without accounting therefor to anybody; though for the benefit of all concerned in the trust, and for the purpose of enabling him, as a kind father, to provide for the support, education and maintenance of the children, as to him should seem best, and so, after the death of Susan, Mr. Hill would, if he had lived so long, have continued trustee, and have been entitled to receive the income and profits, as before, until Tunstall should have the right, under the terms of the will, to demand his portion.   The time for the division of the estate would then have come, he being the survivor of the children of testatrix provided for by the will, and having attained majority.

But what effect, in this direction, was produced by Mr. Hill's death?   Did his life and the intermediate estate of which he was trustee, terminate together?   or might a trustee have been appointed to execute the trust with which he was clothed, though without his exemption from accountability?

Perhaps the answer will be more satisfactory if we look at the case first in another aspect. Suppose Susan and Tunstall had both survived Mr. Hill, and both were now living, under age and unmarried, would the intermediate estate then have been destroyed by the death of Mr. Hill? The will of his wife provides that his part shall remain with the rest of the property until the youngest child shall receive his or her share, at the time prescribed by the will. The entire estate, devised and bequeathed, would then have to be kept together, under the charge of a trustee in Mr. Hill's stead, until the time for setting apart Tunstall's portion should arrive. And we are of opinion that to carry out the intention of testatrix, this situation must be continued, notwithstanding Susan's death, to the period when Tunstall shall be entitled to demand his portion, according to the will. The time would then have arrived for the final division of the property, by turning over to Tunstall his original one-third, and one-half of the deceased Susan's share, and by transferring the other half of this to the representative of George Huckabee, while Mr. Hill's share should, by his will, go to his executor, and through him, to Tunstall Andrews.

So much of the decree of the chancellor as declares "that under the will of Harriet Hill none of her legatees took vested legacies, and that the death of Susan Hill before arriving at age, or marrying, caused her interest in the estate of said Harriet Hill, deceased, to lapse, and fall into the common fund, of which Tunstall Andrews is now the sole owner, and as such, he holds a vested legacy," must be, and the same is, hereby reversed and annulled.

But inasmuch as the bill was prematurely filed before complainant was entitled to demand and have possession of the property sued for, the decree dismissing the bill will be so modified as to dismiss it without prejudice to the right of complainant to sue again hereafter; and so amended, the decree of dismissal is affirmed, at the costs of appellant in this court, and in the court of chancery.